NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10316 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00003-EMC-1 |
| v. | |
| ALEXANDER GIMARAIS MAZARIEGOS-MAZARIEGOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted March 16, 2022[**]
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,[***] District
Judge.

Alexander Mazariegos-Mazariegos, a citizen of Guatemala, entered a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

conditional plea of guilty to illegal reentry under 8 U.S.C. § 1326, was sentenced to time served, and appeals the district court's denial of his motion to dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the denial of a motion to dismiss an indictment, and we review for clear error the district court's factual findings. *See United States v. Garcia-Gonzalez*, 791 F.3d 1175, 1179 (9th Cir. 2015). The district court's judgment is affirmed.

Mazariegos entered the United States in 2012 by crossing the border into Arizona. He was apprehended by immigration authorities, detained, placed in expedited removal proceedings, and deported. Mazariegos reentered the United States in 2016. He was apprehended by immigration authorities and released to his sister under a supervision order requiring him to remain on electronic monitoring. In 2017, Mazariegos removed his ankle monitor and moved to California. In January 2020, he was arrested and charged with illegal reentry.

Mazariegos moved to dismiss the indictment, arguing that his 2012 removal violated due process and therefore could not serve as the predicate for an illegal reentry charge. Mazariegos asserted that Luis Trujillo, the Border Patrol agent who processed his 2012 removal, failed to review or read him the advisements on Form I-867AB, did not ask him all the questions on Form I-867AB, failed to advise him of the charges on Form I-860, did not obtain his signature on every page of Form I-867A, and failed to obtain his signature upon service of Form

2

I-860. The district court held an evidentiary hearing at which Mazariegos and Agent Trujillo testified.

Although Agent Trujillo did not specifically recall Mazariegos, the district court found that "he testified credibly regarding his practices and training with respect to apprehending aliens and processing the relevant paperwork for expedited removal," that he was in the early stages of his career and under strict supervision by a senior Border Patrol agent during his interaction with Mazariegos, and that Agent Trujillo's "credibility went largely unchallenged." By contrast, the court found that Mazariegos's testimony "contained multiple inconsistencies" and "was . . . contradicted by the forms," and "[b]ased on his demeanor and the substance of his testimony," the court concluded it could not "credit [his] testimony on key points." The court concluded that Agent Trujillo followed standard practice during his interaction with Mazariegos—including informing him of the charges on Form I-860, asking all questions on Form I-867, and advising him of the rights on Form I-867—and therefore that Mazariegos's 2012 removal satisfied due process.

The district court's factual findings are not clearly erroneous. "In order to reverse a district court's factual findings as clearly erroneous, we must determine that the district court's factual findings were illogical, implausible, or without support in the record." *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010). "Where testimony is taken, we give special deference to the district

3

court's credibility determinations." *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). Nothing in the record gives any basis to conclude that the district court's factual findings were implausible, contradicted by evidence, or internally inconsistent. To the contrary, the district court's findings plausibly weighed the documentary evidence and the credibility of Agent Trujillo and Mazariegos.

Because we do not disturb the district court's factual findings, it follows that Agent Trujillo did not violate Mazariegos's due process rights. Agent Trujillo read the requisite charges and advisements and complied with the relevant regulations. The fact that Agent Trujillo failed to obtain Mazariegos's signature on every page of Forms I-867 and I-860 does not amount to a due process violation. *See United States v. Mendez-Casillas*, 272 F.3d 1199, 1205 (9th Cir. 2001). It follows that the 2012 removal provided a lawful predicate for the illegal reentry charge to which Mazariegos pleaded guilty.

**AFFIRMED.**